UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIRK MOSES, | ) |
| | ) |
| Plaintiff, | ) 16 C 5190 |
| | ) |
| vs. | ) Judge Gary Feinerman |
| | ) |
| LTD FINANCIAL SERVICES I, INC., and LTD FINANCIAL SERVICES, LP, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Kirk Moses sued LTD Financial Services I, Inc. and LTD Financial Services, LP (together, "LTD"), alleging that a settlement offer LTD sent him concerning an alleged debt he owed to non-party Chase Bank was deceptive in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/1 *et seq.* Doc. 41. Moses and LTD cross-move for summary judgment. Docs. 50, 52. Moses's motion is denied and LTD's motion is granted.

**Background**

When considering Moses's summary judgment motion, the facts are considered in the light most favorable to LTD, and when considering LTD's motion, the facts are considered in the light most favorable to Moses. *See Cogswell v. CitiFinancial Mortg. Co.*, 624 F.3d 395, 398 (7th Cir. 2010) ("When the district court decides cross-motions for summary judgment … we construe all facts and inferences therefrom in favor of the party against whom the motion under consideration is made.") (internal quotation marks omitted). The court considers LTD's motion first (and last), so the following relates the facts in the light most favorable to Moses. *See*

1

*Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 430 (7th Cir. 2014). On summary judgment, the court must assume the truth of those facts, but does not vouch for them. *See ibid*.

Moses incurred an alleged debt on a Chase consumer credit card account that he used for personal, family, and household purposes. Doc. 60 at ¶ 7. His deteriorating financial situation rendered him unable to pay the debt. *Id*. at ¶ 8. Chase assigned the debt to LTD for collection. *Id*. at ¶ 9. In an attempt to partially collect the debt, LTD sent Moses a letter with a settlement offer. *Id*. at ¶¶ 9-12. The letter identified the amount of the debt as $951.29 and offered Moses the chance to pay $237.82 to resolve the debt in full. *Id*. at ¶ 12. The letter then stated: "IRS requires certain amounts that are discharged as a result of the cancellation of debt to be reported on a Form 1099-C. You will receive a copy of the Form 1099-C if one is required to be filed with the IRS." *Ibid*.

When Chase assigns a debt for collection, it does not share information with the assignee as to the debt's composition; that is, Chase does not tell the assignee how much of the debt consists of principal, of interest, or of fees. *Id*. at ¶ 13. Nor is the assignee tasked with determining whether a Form 1099-C must be filed and, if so, with filing the form. *Id*. at ¶¶ 14, 17. LTD acknowledges that it is not its practice to file a Form 1099-C. *Id*. at ¶ 17.

There is some dispute concerning the amount and nature of the debt Moses owed. LTD says that the debt was $951.29; Moses disputes this on the ground that his Chase account's credit limit was $600. Doc. 65 at 2 ¶ 6. Moses's position makes no sense, as interest and fees on an account with a $600 credit limit could push the amount owed to over $600. Regardless, it is undisputed that LTD's understanding was that Moses owed $951.29 and that LTD did not know what portion of the debt consisted of principal, of interest, or of fees. Doc. 60 at ¶¶ 12-13.

**Discussion**

Moses alleges that the above-quoted statement in LTD's letter—"IRS requires certain amounts that are discharged as a result of the cancellation of debt to be reported on a Form 1099-C. You will receive a copy of the Form 1099-C if one is required to be filed with the IRS."—is deceptive under the FDCPA and the ICAA.

**I.    FDCPA Claim**

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see Ruth v. Triumph P'ships*, 577 F.3d 790, 799-800 (7th Cir. 2009). This provision, essentially a "rule against trickery," *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007), sets forth "a nonexclusive list of prohibited practices" in sixteen subsections, *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014). Although a plaintiff "need not allege a violation of a specific subsection in order to succeed in a § 1692e case," *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012), Moses invokes subsections (5) and (10), which proscribe, respectively, "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id*. § 1692e(10). Moses also invokes § 1692f, which proscribes the use of "unfair or unconscionable means to collect or attempt to collect any debt." *Id*. § 1692f. Because the § 1692f claim rests on the same premise (that the language in LTD's letter regarding the Form 1099-C was deceptive) as the § 1692e claim, the two claims rise or fall together.

The Seventh Circuit has held that statements alleged to be false or misleading under the FDCPA fall into three categories. *Ruth*, 577 F.3d at 800. The first consists of statements that are

3

"plainly, on their face, … not misleading or deceptive. In these cases, [the court] does not look to extrinsic evidence to determine whether consumers were confused. Instead, [the court] grant[s] dismissal or summary judgment in favor of the defendant based on [its] own determination that the statement complied with the law." *Ibid*. The second category consists of statements that "are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer. In these cases, … plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Ibid*. The third category consists of statements that are "so clearly confusing on [their] face[s] that a court may award summary judgment to the plaintiff on that basis." *Id*. at 801.

Moses adduces no extrinsic evidence that a reasonable consumer would find deceptive LTD's statement concerning the Form 1099-C. Instead, Moses contends that the statement is confusing on its face and thus that it falls into the third *Ruth* category. Doc. 66 at 2-3. LTD responds that its statement at most falls into the second *Ruth* category, and that Moses's claim fails as a matter of law because he has not proved its deceptive nature with extrinsic evidence. Doc. 70 at 8. So the question here is whether LTD's statement is confusing on its face; if so, Moses prevails, and if not, LTD prevails.

The statute governing Form 1099-C provides that "[a]ny applicable entity which discharges (in whole or in part) the indebtedness of any person during any calendar year shall [file] a return," 26 U.S.C. § 6050P(a), but it exempts from that requirement "any discharge of *less than* $600," *id*. § 6050P(b) (emphasis added). The implementing regulation likewise provides that "any applicable entity … that discharges an indebtedness of any person … of *at least* $600 during a calendar year must file an information return on Form 1099-C." 26 C.F.R.

4

§ 1.6050P-1(a) (emphasis added). The regulation carves an exception, however, stating: "In the case of a lending transaction, the discharge of an amount *other than stated principal* is not required to be reported under this section." *Id*. § 1.6050P-1(d)(3) (emphasis added). The upshot is that federal law requires a lender to file a Form 1099-C reporting the discharge of a debt only if the amount discharged consists of at least $600.00 in principal. So if a lender forgives $700.00 in debt but only $575.00 of the debt is principal and the rest is interest, no Form 1099-C need be filed, but if the forgiven $700.00 debt consists of $600.00 in principal and $100.00 in interest, a Form 1099-C must be filed.

Moses argues that because the credit limit on his Chase account was $600, there was no set of circumstances where the settlement proposed by LTD's letter would result in more than $600 of principal being forgiven. Doc. 66 at 5-6. In his view, then, what LTD did was imply the possibility of an outcome (his debt forgiveness would be reported to the IRS in a Form 1099-C) when in fact that outcome was impossible. And he cites *Ruth* for the proposition that where "the only reasonable interpretation of the notice [is] a threat to take illegal action," 577 F.3d at 801, a notice is deceptive on its face and requires summary judgment for the plaintiff.

Moses misreads the law governing Form 1099-C. The statute and regulation do not state that discharges of *more* than $600 in principal must be reported; rather, they say that discharges of *at least* $600 in principal must be reported. *See* 26 U.S.C. § 6050P; 26 C.F.R. § 1.6050P-1(a). The credit limit on Moses's Chase account was $600. The credit limit therefore did not *negate* the possibility that Chase would have been required to file a Form 1099-C had he accepted LTD's settlement offer.

The question then becomes whether it in fact was possible under the circumstances of this case that Moses's acceptance of LTD's offer would have resulted in Chase forgiving $600.00 in

principal owed by him. As noted, Moses owed Chase $951.29 and LTD offered to settle the debt for $237.82. If Moses had accepted, $713.47 of the debt—well over $600.00—would have been discharged. But would that $713.47 have consisted of $600.00 in principal and $113.47 in interest—thus triggering the requirement to file a Form 1099-C?

The record does not answer that question. It is of course possible that the $713.47 could have included less than $600.00 worth of forgiven principal. For example, Moses could have made a single purchase of less than $600.00 on his Chase card, failed to pay the bill, and watched as the interest accrued and the overall debt ballooned to $951.29. But recall that LTD indisputably was not made aware of the principal/interest/fee composition of Moses's debt. Doc. 60 at ¶ 13. Accordingly, because Chase would have forgiven $713.47 in debt had Moses accepted LTD's settlement offer, LTD was aware that his acceptance could have triggered the Form 1099-C requirement.

Given this, it was entirely prudent for LTD to alert Moses to the *possibility* that the discharged debt would be reported to the IRS. Significantly, LTD did not say, "If you accept this offer, the amount forgiven *will* be reported to the IRS." Such a statement might have been confusing on its face because it would have falsely implied certainty that the discharge definitively would be reported. Instead, LTD said: "IRS requires certain amounts that are discharged as a result of the cancellation of debt to be reported on a Form 1099-C. You will receive a copy of the Form 1099-C *if* one is required to be filed with the IRS." *Ibid*. (emphasis added). That language does not say that the discharge *will* be reported to the IRS. Rather, it does nothing more, and nothing less, than accurately state the possibility that a Form 1099-C would be filed.

That statement is not deceptive on its face. In *Taylor v. Cavalry Investments, L.L.C.*, 365 F.3d 572 (7th Cir. 2004), the Seventh Circuit held that the statement, "if applicable, your account may have or will accrue interest at a rate specified in your contractual agreement with the original creditor," *id*. at 574, was not deceptive because it "didn't say [the creditors] would [add interest], only that they *might*." *Id*. at 575 (emphasis added). Likewise, LTD's letter did not say that the debt's partial discharge would be reported to the IRS, only that it might, and that statement was true.

Moses contends that the letter's failure to list exceptions to the reporting requirement rendered LTD's statement deceptive on its face. Doc. 66 at 7. That argument fails. By stating that reporting was required only for "certain amounts" and that a Form 1099-C would be issued "if" one was required, LTD clearly conveyed that there are situations in which reporting is *not* required—in other words, that there are exceptions to the reporting requirement.

The cases cited by Moses do not undermine the conclusion that the letter was not deceptive on its face. Two of those cases, *Ruth* and *Gonzalez v. Arrow Financial Services, LLC*, 660 F.3d 1055 (9th Cir. 2011), concerned language that communicated the possibility of a debt collector taking action that it was legally prohibited from taking. *See Ruth*, 577 F.3d at 801; *Gonzalez*, 660 F.3d at 1062-63. Here, by contrast, the need to file, and therefore the legality of filing, a Form 1099-C was a true possibility. Another case, *Foster v. Allianceone Receivables Management, Inc.*, 2016 WL 1719824 (N.D. Ill. Apr. 28, 2016), which was decided on a motion to dismiss, held: "It is plausible that mention of the IRS in a situation where there is no set of circumstances in which the IRS would be involved could mislead." *Id*. at *2. Here, by contrast, there *was* a set of circumstances where the IRS could be involved.

In another of Moses's cases, *Carlvin v. Ditech Financial, LLC*, ___ F. Supp. 3d ___, 2017 WL 635151 (N.D. Ill. Feb. 16, 2017), also decided on a motion to dismiss, the collection letter stated that the collector was "*required* to report *any* debt forgiveness." *Id*. at *4. Because the debt collector did not make clear that there were exceptions to that requirement, the letter misstated the law, and read in the light most favorable to the plaintiff, the letter suggested that the debt collector would take action that it was not legally permitted to take. *Ibid*. By contrast, LTD's language was accurate and did not threaten to take an action that was prohibited. *See Everett v. Fin. Recovery Servs.*, 2016 WL 6948052, at *2, 5-6 (S.D. Ind. Nov. 28, 2016) (holding that the language, "[t]his settlement may have tax consequences," was not deceptive because it accurately stated the law and did not imply that the debt collector would report *any* discharge to the IRS).

In sum, LTD's letter is not deceptive on its face, which means that it does not fall within the third *Ruth* category, which in turn means that it either (1) is so clear that it is not deceptive as a matter of law or (2) inhabits a middle ground where extrinsic evidence is necessary to prove an FDCPA violation. *See Ruth*, 577 F.3d at 800-01. As Moses has offered no extrinsic evidence, it follows that LTD deserves summary judgment.

## II.     ICAA Claim

The ICAA provides in relevant part that a debt collector may be subject to discipline from the Illinois Department of Financial and Professional Regulation if it: "Disclos[es] or threaten[s] to disclose information relating to a debtor's debt to any other person except where such other person has a legitimate business need for the information or except where such disclosure is permitted by law." 225 ILCS 425/9(a)(21). Even assuming that this provision creates a private right of action, Moses's ICAA claim fails.

The claim rests on the premise that LTD's letter conveys a threat to disclose information about his debt to the IRS even though such disclosure was prohibited. That premise is wrong for the reasons given above. All the letter said was that the debt's discharge would be reported *if* required by law, and under the circumstances of this case, it was possible that reporting was required. No reasonable consumer would read the letter as a threat to share information about the debt in a legally unauthorized way. LTD is thus entitled to summary judgment on Moses's ICAA claim. *Cf. McMahon*, 744 F.3d at 1020 (holding, in a slightly different context, that where "not even a significant fraction of the population" would be misled by a debt collector's statement, dismissal was appropriate).

**Conclusion**

For the foregoing reasons, LTD's summary judgment motion is granted. It necessarily follows that Moses's summary judgment motion is denied. Judgment will be entered in favor of LTD and against Moses.

August 9, 2017

United States District Judge